# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0140-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JASON M. BRUNELL,

     Defendant-Appellant.

_____

> Submitted November 13, 2019 – Decided December 17, 2019
>
> Before Judges Fisher, Accurso, and Gilson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 09-08-0357.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Steven J. Sloan, Designated Counsel and on the brief).
>
> Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jason Brunell appeals from an order denying his petition for post-conviction relief (PCR), which was entered following oral arguments, but without an evidentiary hearing. We affirm because the petition was time-barred under Rule 3:22-12(a)(1) and otherwise lacked merit.

I.

In 2009, defendant was charged with second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); and two counts of third-degree witness tampering, N.J.S.A. 2C:28-5(a). In May 2010, defendant pled guilty to fourth-degree criminal sexual contact. As part of the plea agreement, the State agreed to recommend that he be sentenced to two years of probation and that the other charges be dismissed.

Before pleading guilty, defendant testified that he (1) had reviewed the charges against him with his counsel; (2) had reviewed the discovery with his counsel; (3) had discussed potential defenses with his counsel; (4) was satisfied with his counsel's legal services; (5) understood the crime to which he was pleading guilty; (6) had reviewed, initialed, and signed the plea forms, including a form explaining that he was subject to registration as a sex offender under

A-0140-18T1

Megan's Law, N.J.S.A. 2C:7-1 to -23; and (7) was pleading guilty of his own free will and no one was forcing or coercing him into pleading guilty.

Defendant then admitted that in 2007 he had hugged and touched the victim's breasts to sexually gratify himself. He also acknowledged the victim was then between the ages of thirteen and sixteen years old and he was at least four years older than the victim. Indeed, the record established that defendant was twenty-seven years old when the crime occurred.

On July 9, 2010, defendant was sentenced in accordance with the plea agreement to two years of probation. The sentencing judge expressly informed defendant that he had five years within which he could file a petition for PCR.

Defendant did not file a direct appeal. Instead, over seven years later, on August 15, 2017, defendant filed a PCR petition. He was assigned PCR counsel who filed supplemental papers on his behalf. In his petition and supplemental certification, defendant contended that (1) he never received a copy of the discovery from his trial attorney; (2) he did not know "everything" he was accused of; (3) the victim's mother had called him and told him that she knew he was not guilty, but his counsel failed to follow up with her to establish a defense; (4) the allegations against him were all based on incredible hearsay; (5) his counsel pushed and scared him into pleading guilty; and (6) he pled guilty

A-0140-18T1

because his counsel explained the plea agreement and charges differently from the actual terms of the agreement.

On May 15, 2018, Judge N. Peter Conforti heard oral argument on defendant's petition. Judge Conforti had taken defendant's guilty plea and sentenced defendant. That same day, Judge Conforti entered an order denying defendant's PCR petition and explained the reasons for his ruling on the record. In short, Judge Conforti found the petition time-barred and defendant had shown no excusable neglect for filing the petition late. The judge also pointed out that all of defendant's contentions about the ineffective assistance of his trial counsel were rebutted by the record, in particular by the testimony he had given when he pled guilty and information he received when sentenced.

## II.

On appeal, defendant makes three arguments, which he articulates as follows:

> POINT I – THE TRIAL COURT MISAPPLIED THE LAW IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF, IN PART, ON PROCEDURAL GROUNDS, PURSUANT TO RULE 3:22-12
>
> POINT II – THE TRIAL COURT MISAPPLIED THE LAW IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING

TO FULLY ADDRESS HIS CONTENTION THAT HE WAS PROVIDED WITH INADEQUATE ASSISTANCE FROM TRIAL COUNSEL AS HE FAILED TO RECEIVE ADEQUATE LEGAL ADVICE AS TO THE PENAL CONSEQUENCES OF HIS PLEA

POINT III – THE TRIAL COURT MISAPPLIED THE LAW IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE SHOULD BE PERMITTED TO WITHDRAW HIS PLEA BARGAIN TO CORRECT A MANIFEST INJUSTICE

Where, as here, a PCR court does not hold an evidentiary hearing, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (quoting State v. Harris, 181 N.J. 391, 421 (2004)).  The record here establishes that defendant's PCR petition is time-barred and lacks substantive merit.

A.

Rule 3:22-12(a)(1) precludes PCR petitions filed more than five years after entry of a judgment of conviction unless the delay was "due to defendant's excusable neglect and . . . there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice."  R. 3:22-12(a)(1)(A).  Our Supreme Court has stated

5

that "[t]he time bar should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (second alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). Moreover, we have held that "when a first PCR petition" is filed "more than five years after the date of entry of the judgment of conviction," the PCR court should examine the "timeliness of the petition" and the defendant must "submit competent evidence to satisfy the standards for relaxing the rule's time restrictions." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018).

To establish "excusable neglect," a defendant must demonstrate "more than simply . . . a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009). Factors to be considered include "the extent and cause of the delay, the prejudice to the State, and the importance of the [defendant]'s claim in determining whether there has been an 'injustice' sufficient to relax the time limits." Afanador, 151 N.J. at 52 (citing State v. Mitchell, 126 N.J. 565, 580 (1992)).

Defendant's judgment of conviction was entered on July 9, 2010. He filed his petition for PCR over seven years later on August 15, 2017. Furthermore,

he established no excusable neglect for that late filing. As already noted, at sentencing he was told he had five years to file a PCR petition. Defendant argues that, despite the court's advice to him, he should be excused because his plea counsel did not follow up and remind him of that five year limitation. That argument lacks merit.

B.

Defendant is also unable to show that enforcement of the time bar would result in a reasonable probability of fundamental injustice, as he has not demonstrated a prima facie case of ineffective assistance of plea counsel. To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-part test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland test).

"To set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in

7

original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Moreover, defendant must make those showings by presenting more than "bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Contrary to the assertions in defendant's belated certifications, the record establishes that none of the asserted grounds for ineffective assistance of plea counsel has merit. In taking defendant's plea, Judge Conforti confirmed that defendant had reviewed the charges and discovery with his counsel, understood his potential defenses, understood the charge to which he was pleading guilty, and he was pleading guilty freely and voluntarily. Judge Conforti also went over the plea agreement with defendant and confirmed that defendant understood that agreement, including that he was pleading guilty to a crime that would subject him to registration under Megan's Law.

## C.

We also reject defendant's claim that the PCR court erred in not conducting an evidentiary hearing. A defendant is entitled to an evidentiary hearing on a PCR petition only when he establishes a prima facie case and "there are material issues of disputed fact that cannot be resolved by reference to the existing record . . . ." State v. Porter, 216 N.J. 343, 354 (2013) (quoting R. 3:22-

10(b)). As we have previously detailed, the existing record provided an adequate basis for the findings that defendant did not establish a prima facie case of ineffective assistance of counsel and, therefore, an evidentiary hearing was not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0140-18T1